**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-00006- |
| | § | ALM-BD |
| TOMMY RAY HANSON (3) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Tommy Ray Hanson's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on February 18, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer. The Government was represented by Eric Erlandson.

Defendant was sentenced on January 11, 2017, before The Honorable Amos L. Mazzant, III, U.S. Chief District Judge of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of Life and a statutory minimum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of II, was 120 to 121 months. Defendant was subsequently sentenced to 120 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On December 23, 2025, Defendant completed his period of imprisonment and began service of the supervision term. On October 8, 2025, the conditions of supervision were modified to include a special condition ordering that Defendant must reside in a residential reentry center or similar facility, in a prerelease component

REPORT AND RECOMMENDATION – Page 1

for a period of 180 days to commence upon release from confinement and must observe the rules of that facility.

On January 20, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #166, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) Mandatory Condition Defendant must not commit another federal, state, or local crime; (2) Special Condition Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program; (3) Mandatory Condition Defendant must refrain from any unlawful use of a controlled substance; (4) Standard Condition Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; and (5) Standard Condition Defendant must answer truthfully the questions asked by his probation officer. (Dkt. #166 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) & (2) On January 13, 2026, Defendant possessed and used a prosthetic urination device commonly referred to as a "Whizzinator," to falsify drug test results in violation of Texas Health and Safety Code § 481.133, a Class B Misdemeanor. Defendant admitted he used the device because he was going to be "dirty" (positive) as he used methamphetamine three days prior. By trying to use this device, Defendant was intentionally refusing to provide a urine specimen of his own and therefore, refusing to

REPORT AND RECOMMENDATION – Page 2

participate in testing for substance abuse. At the time of the filing of the Petition, no formal charges had been filed in the matter; (3) On December 29, 2025, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas, which tested positive for methamphetamine, fentanyl, and MDMA. Upon questioning, Defendant admitted to using methamphetamine on or about December 25, 2025, and signed an admission form stating such. On January 5, 2026, Defendant submitted a urine specimen, during a field visit at his temporary residence in Dallas, Texas, which tested positive for methamphetamine. Prior to submitting the urine specimen, Defendant verbally admitted to using methamphetamine on or about January 1, 2026. On January 13, 2026, after being confronted for attempting to use a urine defeating device, Defendant admitted, in person, that he used methamphetamine approximately three days prior to that date; and (4) & (5) On January 13, 2026, phone contact was made with Defendant to confirm he would be available later that day for a field visit and drug test. During the call, Defendant stated he had moved that same day to a new motel located in Irving, Texas. Upon arrival, the motel room contained a substantial amount of personal property and appeared to have been occupied for some time, which brought into question Defendant's claim of having moved in that day. Defendant was questioned about the discrepancy and again stated he had moved in that day. When asked if the motel front office would confirm the move-in date, Defendant admitted he had been residing at the motel for the past three days. As such, Defendant failed to notify U.S. Probation of his change in residence as directed per the conditions of supervision. Furthermore, Defendant was not truthful with the probation officer. (Dkt. #166 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1 through 5 in the Petition. Having considered the Petition and

the plea of true to allegations 1 through 5, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months and one (1) day, with a four (4) year term of supervised release to follow.

The court further recommends that all conditions previously imposed be reimposed.

The court finally recommends that Defendant be housed in a Bureau of Prisons camp facility in Seagoville, Texas, if appropriate.

**SIGNED this 21st day of March, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 4